UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERNARD M. PLANTE,

                Plaintiff,

    v.                                              6:06-CV-972 (LEK/VEB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,[1]

                Defendant.

## DECISION AND ORDER

        This matter comes before the Court following a Report-Recommendation filed on May 19, 2009 by the Honorable Victor E. Bianchini, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Report-Rec. (Dkt. No. 12). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by the Plaintiff Bernard M. Plante ("Plaintiff"), which were filed on June 3, 2009. Objections (Dkt. No. 13).

        When a party makes a timely objection to a Report-Recommendation, it is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The Court has considered the Plaintiff's objections and determined that the

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is substituted as the Defendant in this action for Jo Anne B. Barnhart.

1

Report-Recommendation should be approved and adopted in part and rejected in part, as explained below.

**I.     BACKGROUND**

Plaintiff filed an application for Social Security Disability benefits and Supplemental Security Income on January 7, 2004. Administrative Transcript ("AT") at 80-82 (Dkt. No. 5). He alleged that he had been disabled since October 12, 2002. Id. at 80. His request for benefits was initially denied on July 8, 2004. Id. at 43-47. Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). Id. at 50. A hearing was held on May 5, 2005. Id. at 356-390. The ALJ issued a partially favorable decision on June 23, 2005, finding that Plaintiff was disabled as of November 3, 2004. Id. at 23-39. Plaintiff filed a timely request for review by the Social Security Appeals Council ("Appeals Council"), disagreeing with the ALJ's determination of the onset date of Plaintiff's disability. Id. at 22. On July 12, 2006, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Id. at 6-8.

Plaintiff filed a Complaint in this Court on August 10, 2006, seeking review of the Commissioner's final administrative decision denying Plaintiff's application for benefits for the period between October 12, 2002 and November 2, 2004. See Compl. (Dkt. No. 1). In his brief, Plaintiff alleged numerous errors in the ALJ's determination, including, *inter alia*, that the testimony provided by the Vocational Expert ("VE") at the hearing before the ALJ could not provide substantial evidence for the denial of benefits, because the VE was not qualified pursuant to the Social Security Administration's Vocational Expert Handbook ("the Handbook"). Pl.'s Br. at 21-22 (Dkt. No. 9). In his Report-Recommendation, Judge Bianchini found that the ALJ erred by: (1) failing to determine whether Plaintiff's skin conditions were severe; (2) failing to consider

2

Plaintiff's skin conditions throughout the decision; (3) failing to consider Plaintiff's abilities to stand or walk on a function-by-function basis; and (4) failing to include all of Plaintiff's impairments in the hypothetical question posed to the VE. Report-Rec. at 5-18.[2] Accordingly, Judge Bianchini recommended that Plaintiff's Motion for judgment on the pleadings be granted in part, and that the matter be remanded to the Commissioner. Id. at 18. However, Judge Bianchini found that Plaintiff had forfeited his objection to the VE's qualifications by failing to raise that issue before the ALJ. Report-Rec. at 14-16. Plaintiff objects to that determination.

**II.   DISCUSSION**

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action" filed in federal court. 42 U.S.C. § 405(g); Sims v. Apfel, 530 U.S. 103, 106 (2000). While the Social Security Act does not define "final decision," the Social Security Administration's regulations provide that where the Appeals Council denies a party's request to review an ALJ's decision, the ALJ's opinion becomes the final decision. Sims, 530 U.S. at 106-07 (citing 42 U.S.C. § 405(a); 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)). In Sims, the Supreme Court held that a social security claimant who has exhausted all administrative remedies does not waive judicial review of any issues not raised before the Appeals Council. 530 U.S. at 105. The Sims Court did not address whether a claimant would waive judicial review by failure to raise an issue before the ALJ. See id. at 107 (noting parenthetically that "[w]hether a claimant must exhaust issues before the ALJ is not before us.")

---

[2] For a detailed recitation of the facts underlying Plaintiff's claims regarding his entitlement to benefits, reference is made to the Report-Recommendation. Dkt. No. 12.

Here, Plaintiff did not object to the VE's qualifications at the hearing before the ALJ. However, in his brief in support of his request for review by the Appeals Council, Plaintiff raised this objection. AT 12-14. As noted by Judge Bianchini in his Report-Recommendation, there is precedent in this District that a plaintiff's failure to raise an objection to a VE's qualifications before the ALJ forfeits the plaintiff's opportunity to raise that objection before the district court. See Harvey v. Astrue, 5:05-CV-1094, 2008 WL 4517809, at *15 (N.D.N.Y. Sept. 29, 2008); Haskins v. Comm'r of Social Sec., 5:05-CV-292, 2008 WL 5113781, at *16 (N.D.N.Y. Nov. 25, 2008). However, unlike the case at bar–where the Plaintiff failed to object to the VE's qualifications before the ALJ but did raise such an objection before the Appeals Council–it appears that the plaintiffs in Harvey and Haskins failed to raise the issue of the VE's qualifications at *any* stage of their administrative review, raising the issue for the first time before the district court. See Harvey, 2008 WL 4517809, at *15 ("Plaintiff's counsel did not challenge the basis for the vocational expert's testimony and failed to raise any objection to the conduct of the ALJ until now"); Haskins, 2008 WL 5113781, at *16 ("plaintiff now raises the issue of the VE's qualifications for the first time"). Judge Bianchini acknowledged this distinction, yet concluded that in light of Plaintiff's failure to object to the VE's qualifications before the ALJ, Plaintiff had forfeited any such objection. Report-Rec. at 14-16.

While this is a close issue, the Court concludes that under the circumstances presented here, Plaintiff has not forfeited his objection to the VE's qualifications. Plaintiff raised the objection in his request for review before the Appeals Council, thus distinguishing this case from Harvey and Haskins. Plaintiff fully exhausted his administrative remedies, and raised the issue of the VE's qualifications at the administrative level. As the Supreme Court noted in Sims, administrative issue

exhaustion is largely a creature of statute, and neither the Social Security Act nor the accompanying regulations require issue exhaustion for a claimant to preserve issues for judicial review. 530 U.S. at 107-108 (citations omitted). As also noted in Sims, "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." 530 U.S. at 109 (citations omitted). It is well-settled that social security proceedings are essentially non-adversarial. See, e.g., Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) (citation omitted) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). Accordingly, the Court will not extend Harvey and Haskins to the situation presented here, where the claimant raised an objection at the administrative level, albeit to the Appeals Council rather than to the ALJ.

However, although Plaintiff did not waive his objection to the VE's qualifications, the Court need not reach the merits of whether the VE was qualified to testify at the hearing. In his Report-Recommendation, Judge Bianchini found that the hypothetical question posed by the ALJ to the VE at the hearing was not supported by substantial evidence, and that accordingly, the VE's response to that question could not provide substantial evidence in support of the ALJ's decision. Report-Rec. at 16. As this matter is being remanded due to the flaws in the ALJ's decision as outlined in the Report-Recommendation– including the flaws in the ALJ's hypothetical question to the VE–the Court need not address whether the VE was qualified pursuant to the Handbook.

Finally, the Court notes that neither party raised an objection to any other portion of Judge Bianchini's Report-Recommendation. After its review of the record, the Court finds that the remainder of the Report-Recommendation is not subject to attack for clear error, and is thus adopted

by this Court.  See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

### III. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **REJECTED in part,** to the extent it recommends that Plaintiff has forfeited his objection to the Vocational Expert's qualifications, and is **otherwise ADOPTED**; and it is further

**ORDERED**, that the Defendant's Motion for judgment on the pleadings is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's Motion for judgment on the pleadings is **GRANTED in part**, and the case is remanded to the Commissioner for further proceedings in accordance with the Report-Recommendation; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   July 02, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge